

# CULLENandDYKMAN LLP

**Douglas J. Bohn**
Partner
Direct Dial: (516) 357-3879
Facsimile: (516) 296-9155
dbohn@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

November 19, 2018

**VIA ECF**

Honorable George B. Daniels
United States District Court Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Clifford Mass v. Greg Cohen Promotions, LLC, et al.*
             Case No.: 18-cv-2239 (GBD)

Dear Judge Daniels:

      We represent Plaintiff Clifford Mass in the captioned matter and write in regard to the Court's decision and Order on Defendants' partial motion for summary judgement and related October 18, 2018 transcript of oral argument ("Transcript").[1] Pursuant to the Court's directive, the Plaintiff respectfully seeks permission to file an amended complaint setting forth allegations of fraudulent inducement against Defendants Greg Cohen Promotions, LLC and Gregory D. Cohen. A copy of the Proposed Amended Complaint is attached hereto as Exhibit "B".

      Following briefing and oral argument, the Court granted Defendants' partial motion for summary judgment as to Count V (Fraudulent Misrepresentation) and Count VI (Actual Fraud). See Docket No. 29.[2] At oral argument, the Court held: "I am going to dismiss the fraud claims without prejudice to you if you think you can overcome and you can replead and you wish to attempt to request that you be allowed to file an amended complaint. See Transcript P. 46. The Court went on to instruct as follows: "What you must do is specifically articulate what representations were made that you can independently demonstrate were false at the time and that one would not have reasonably gone forward with this agreement had one known the true facts that were different then they were when you signed the contract." See Transcript P. 47. The Court went on to specifically observe: "I understand at least a theory that if he [Cohen] made certain promises about who was in the stable of fighters and those turned out to be false . . . I would understand that theory." See Transcript P. 46. It is respectfully, submitted that the Proposed Amended Complaint sufficiently pleads exactly that, among other allegations.

---

[1] A copy of the Transcript is attached hereto as Exhibit "A".
[2] During the briefing of the motion, Plaintiff voluntarily withdrew several of its other causes of action which the Court recognized at oral argument. Those causes of action have been removed from the Proposed Amended Complaint.



Re: No.: 18-cv-2239 (GBD)
*November 19, 2018*
*Page 2*

Specifically, Plaintiff refers the Court to Paragraphs 27-34 of the Proposed Amended Complaint as well as Count III- Fraudulent Inducement.

It is anticipated that Defendants may argue that a claim for fraudulent inducement is duplicative of the breach of contract claim and cannot survive the pleadings stage. First, the argument was correctly rejected by Court previously as to Cohen. Furthermore, New York law provides for pleading breach of contract and fraudulent inducement. As instructed by the First Department in Wyle, Inc. v. ITT Corporation, 130 A.D.3d 438, 440-441 (1st Dep't 2015)(internal citations omitted):

> a cause of action for fraud may be maintained where a plaintiff pleads a breach of duty separate from, or in addition to, a breach of contract. For example, if a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, the plaintiff has stated a claim for fraud even though the same circumstances give rise to the plaintiff's breach of contract claim . . . .Unlike a misrepresentation of future intent to perform, *a misrepresentation of present facts is collateral to the contract* (though it may have induced the plaintiff to sign the contract) and therefore involves a separate breach of duty. Nor is the fraud claim rendered redundant by the fact that these alleged misrepresentations breached the warranties made by MCF in the Agreement . . . The core of plaintiff's claim is that defendants intentionally misrepresented material facts about the various individual loans so that they would appear to satisfy these warranties . . .This is fraud, not a breach of contract.

Similarly, in Mix v. Neff, 99 A.D.2d 180, 182-183 (3d Dep't 1984), the Third Department held: "[t]his form of fraud [in the inducement] is usually based on facts occurring prior or subsequent to the execution of a contract that demonstrate that an agreement, valid on its face, and properly executed, is to be limited or avoided." The remedies for fraudulent inducement include money damages and/or rescission or reformation of the agreement and need not be elected until time of trial. Libassi v. Chelli, 206 A.D.2d 508, 509 (2d Dep't 1994).

As alleged in the Proposed Amended Complaint, in or about February 2015 – prior to entry into the Investment Agreement – Cohen made representations to Mr. Mass concerning boxers that were allegedly under contract with GCP. However, upon information and belief, they were not. Of course, the boxers are the lifeblood of any investment since that is how GCP produces revenue and clearly a "material" fact. Furthermore, Cohen's misrepresentations concerning these boxers is outside the terms of the Investment Agreement itself and, as such, not redundant of the breach of contract claims. As noted in the case law cited above, causes of action for breach of contract and fraudulent inducement are properly pled together. The allegations as pled in the proposed Amended Compliant are analogous to the Court's observation at oral argument that: "if I say to you invest in my company and I have ten trucks that are going



Re: No.: 18-cv-2239 (GBD)
*November 19, 2018*
*Page 3*

to make us a big profit, you can't sue me if we don't make a big profit, but you might be able to sue me for fraud if I don't have ten trucks." See Transcript P. 46. It is Plaintiff's allegation is that GCP did not have the "trucks" [i.e.- fighters] which Cohen told Mr. Mass he had and which falsity was reasonably relied upon by Mr. Mass enter into this transaction.

Furthermore, Cohen made several additional representations to Mr. Mass outside of the terms of the Investment Agreement which were reasonably relied upon and induced him into funding GCP and Cohen. For example, Cohen, at the Uncle Jack's meeting, and prior to entering the Investment Agreement, represented to Mr. Mass that he was Cohen's "right hand man", that Cohen was "grooming" Mr. Mass to take over GCP and that Mass would one day "run the company". Cohen made these representations knowing them to be false and with the intent of inducing Mr. Mass into funding GCP and Cohen. Such representations also induced Mr. Mass to leave his prior position in the financial services industry. It is noted that Mr. Cohen is no stranger to litigation involving himself and his company. Cohen and/or GCP have been named as defendants in several lawsuit since entry into the Investment Agreement alleging, among other causes of action, fraud, including but not limited to Samuel Clarkson and Uprising Promotions, LLC v. Gregory D. Cohen and Greg Cohen Promotions LLC (Index No. 652880/2017, New York State Supreme Court, New York County); Malik Hawkins v. Greg Cohen Promotions, LLC (Index No. 652810/2018, New York State Supreme Court, New York County); and Long Life Fitness LLC d/b/a Roy Joes Jr. Boxing v. Greg Cohen Promotions LLC (Index No. 654937/2017), New York State Supreme Court, New York County). Plaintiff contends that the fraudulent actions of Cohen are a pattern and practice of such activity which has now been visited upon Mr. Mass.

For the foregoing reasons, and as set forth in the Proposed Amended Complaint, it is respectfully submitted that Plaintiff be permitted to amend his original Complaint and serve the Amended Complaint as proposed herein.

Respectfully submitted,

Douglas J. Bohn (DJB-4618)

cc: Gary Trachten, Esq.
    David Saponara, Esq.
    *Via ECF*